## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHELE HENRY, individually and on behalf of all others similarly situated, Plaintiffs, v. HOMESIDE FINANCIAL, LLC, DAN SNYDER, BRIAN ZIEMER, and LAUREN RANDALL Defendants. | ) ) ) ) ) ) ) ) ) ) ) | Case No. CLASS / COLLECTIVE ACTION Jury Trial Demanded |

## COLLECTIVE / CLASS ACTION COMPLAINT

Michele Henry ("Plaintiff" or "Henry"), individually and on behalf of all others similarly situated, by and through her undersigned counsel, hereby makes the following allegations against Homeside Financial, LLC ("Homeside") Dan Snyder ("Snyder"), Brian Ziemer ("Ziemer") and Lauren Randall ("Randall") (collectively "Defendants") concerning their acts and status upon actual knowledge, and concerning all other matters upon information, belief and the investigation of their counsel:

## NATURE OF ACTION

1. Plaintiff contends that Defendants violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. §§ 333.101, *et seq.* ("PMWA"), by knowingly misclassifying its inside sales Loan Officers as exempt employees and failing to pay them required minimum and overtime wages. Plaintiff seeks to bring her FLSA claims as a multi-state collective action under 29 U.S.C. § 216(b). Under Fed. R. Civ. P. 23(b)(3), Plaintiff Henry brings claims as a statewide class action under the PMWA.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1332(a)(1), because the matter in controversy in this civil action exceeds $75,000.00 exclusive of interest and costs and because the Parties are residents of different states.

3.     This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction), because these claims arise from the same occurrence or transaction and are so related to Plaintiff's FLSA claim as to form part of the same case or controversy.

4.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b), because Defendants have significant business contacts within this District and acts and omissions giving rise to Plaintiff's claims occurred within this District.

## PARTIES

5.     Plaintiff Henry is an adult citizen of the Commonwealth of Pennsylvania who Defendants employed as an inside sales Loan Officer in State College, Pennsylvania during the relevant period. Throughout this period, Plaintiff Henry's primary job responsibility was to sell residential mortgage loans to borrowers from inside Defendants' offices. To meet Defendants' productivity requirements, Plaintiff Henry routinely worked more than 40 hours per week. Defendants classified Plaintiff Henry as non-exempt from federal and state overtime requirements and paid her on an hourly rate of twelve dollars per hour, plus commissions. Defendants, however, failed to pay wages for hours worked beyond 40 in a week and also resulted in payment below minimum wage in certain workweeks. Plaintiff Henry's consent to join this litigation is attached as Exhibit A.

2

6.      Defendant Homeside is a national mortgage bank that provides mortgage banking services to consumers in Pennsylvania, Maryland, and other states across the country. At all relevant times, Defendant Homeside has been an "employer" as defined under the FLSA, as well as the state wage laws of Pennsylvania.

7.      At all relevant times, Defendant Dan Snyder was Homeside's Co-Founder and Managing Partner in charge of Sales and Human Resources. At all times relevant, Snyder exercised operational control over Homeside, controlled significant business functions of Homeside, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Homeside in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Snyder was an "employer" as defined by the FLSA as well as the state wage laws of Pennsylvania.

8.      At all relevant times, Defendant Brian Ziemer was Homeside's Senior Vice President of Operations. At all times relevant, Ziemer exercised operational control over Homeside, controlled significant business functions of Homeside, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Homeside in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Ziemer was an "employer" as defined by the FLSA as well as the state wage laws of Pennsylvania.

9.      At all relevant times, Defendant Lauren Randall ("Randall") was Homeside's Assistant Vice President of Human Resources. At all times relevant, Randall exercised operational control over Homeside, controlled significant business functions of Homeside, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest

3

of Homeside in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Randall was an "employer" as defined by the FLSA as well as the state wage laws of Pennsylvania.

## MATERIAL FACTS

10.     Pursuant to Defendants' common company-wide policies and procedures, all inside sales Loan Officers Defendants employed during the relevant period had the same primary job duty: to sell residential mortgage loans from inside an office. They were, in essence mortgage salespeople.

11.     Plaintiff and the Collective / Class members were not primarily responsible for performing work directly related to the management or Defendants' general business operations, were not primarily responsible for the exercise of discretion and independent judgment with respect to matters of significance to Defendants' business operations and regularly and customarily performed their primary duty from inside an office.

12.     Throughout the relevant period, Defendants unilaterally dictated and controlled the terms of Plaintiff's and the Collective / Class members' employment, including the nature of their work, the wages they received and their classification as employees exempt from federal and state overtime requirements.

13.     Throughout the relevant period, Defendants also unilaterally dictated and controlled the common policies governing the Plaintiff's and the Collective / Class members' employment, including their productivity requirements, how their wages were calculated and how their hours were tracked.

4

14.     Pursuant to Defendants' common policies, Defendants knowingly suffered or permitted Plaintiff and the Collective / Class members to arrive early for work, stay late at work and perform work-related tasks on weekends. As a result, Plaintiff and the Collective / Class members worked over 40 hours in given workweeks.

15.     Defendants did not make or maintain accurate, contemporaneous records of the actual time worked by Plaintiff and the Collective / Class members.

16.     Pursuant to Defendants' common policies, Plaintiff and the Collective / Class members did not receive overtime pay when they worked more than 40 hours in any given workweek.

17.     Under Defendants' common policies, Plaintiff and the Collective / Class members also routinely worked hours for which they did not receive the applicable minimum wage.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18.     Plaintiff brings this collective action for herself and all others similarly situated pursuant to 29 U.S.C. §216(b) to recover unpaid overtime compensation, minimum wages, liquidated damages, and other relief related to Defendants' violation of the FLSA.

19.     Plaintiff seeks to maintain this suit as a collective action pursuant to 29 U.S.C §216(b) on behalf of herself and the following FLSA Collective:

> All people who worked as inside sales Loan Officers for Defendants, their subsidiaries, or affiliated companies at any time during the maximum limitations period who worked more than 40 hours in any week without receiving all overtime compensation required by federal law or wages over the required minimum level for every hour worked.

Plaintiff reserves the right to amend this definition as necessary.

20.     Plaintiff is a member of the FLSA Collective defined above, because they were employed by Defendants as inside sales Loan Officers during the relevant period and regularly worked hours for which they were not paid minimum wages and worked more than 40 hours in given workweeks without receiving any compensation for their overtime hours.

21.     Although Plaintiff and the FLSA Collective members may have worked in different offices, this action may be properly maintained on a collective basis because:

a.     Defendants employed all of the FLSA Collective members;

b.     All of the FLSA Collective members had the same or similar job duties, including the same primary job duty;

c.     None of the FLSA Collective members were primarily responsible for performing work directly related to the management or general business operations of Defendants or its customers;

d.     All of the FLSA Collective members performed their mortgage sales duties from inside an office.

e.     None of the FLSA Collective members were primarily responsible for the exercise of discretion and independent judgment with respect to matters of significance to Defendants' business operations;

f.     Defendants classified all of the FLSA Collective members as non-exempt from federal overtime requirements;

g.     Plaintiff and the FLSA Collective members worked more than 40 hours in given workweeks;

h.     Defendants did not make or maintain accurate contemporaneous records of the hours Plaintiff and the FLSA Collective members worked;

6

i.      Defendants did not pay Plaintiff and the FLSA Collective members any overtime wages for minimum wages or for the hours they worked beyond 40 in any given workweek;

j.      Defendants maintained common timekeeping systems and policies with respect to Plaintiff and the FLSA Collective members;

k.      Defendants maintained common payroll systems and policies with respect to Plaintiff and the FLSA Collective members; and

l.      Defendants' labor relations and human resources systems were centrally-organized and controlled, and shared a common management team that controlled the policies at issue here.

22.     Plaintiff and other members of the FLSA Class are similarly situated because, *inter alia*, they all had similar duties, including the same primary duty; performed similar tasks; been subjected to the same requirements under the FLSA to be paid overtime wages unless properly exempted thereunder; been subjected to similar pay plans; been required to work and have worked in excess of forty (40) hours per week; and have not been paid overtime premium wages for all overtime hours they worked.

23.     Defendants encouraged, permitted, and required Plaintiff and other members of the FLSA Class to work more than 40 hours per week without overtime compensation.

24.     Defendants encouraged, permitted, and required Plaintiff and other members of the FLSA Class to work hours for which they were not paid minimum wages.

25.     Defendants knew that Plaintiff and other members of the FLSA Class performed work that required compensation for minimum wages and/or overtime. Nonetheless, Defendants operated under a scheme to deprive Plaintiff and other members of the FLSA Class of minimum wages, overtime, or both by failing to properly compensate them for all time worked.

7

26.     Defendants' conduct, as alleged herein, has been willful and has caused significant damage to Plaintiff and other members of the FLSA Class.

## STATE-LAW CLASS ACTION ALLEGATIONS

27.     Plaintiff Henry bring this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of themselves and the following Pennsylvania Sub-Class:

> All people who worked as inside sales Loan Officers for Defendants, its subsidiaries, or affiliated companies in the Commonwealth of Pennsylvania at any time during the maximum limitations period who worked more than 40 hours in any week without receiving all overtime compensation required by federal law or wages over the required minimum level for every hour worked.

(hereafter "the Pennsylvania Class")

28.     Plaintiff reserve the right to amend the above Sub-Class definitions as necessary.

29.     Plaintiff Henry is a member of the Pennsylvania Class she seeks to represent because she is a resident of Pennsylvania, worked as Loan Officer for Defendants in Pennsylvania during the relevant period, regularly worked more than 40 hours in given workweeks without receiving any overtime compensation and did not receive wages over the minimum level required by Pennsylvania law for every hour they worked.

30.     The members of the Pennsylvania Class are so numerous that their joinder would be impracticable. Over the relevant period, Defendants employed at least 40 members in the Pennsylvania Class.

31.     There are material questions of law or fact common to the members of the Pennsylvania Class because, as discussed throughout this filing, Defendants engaged in a common course of conduct that violated their right to minimum and overtime pay. Any

individual questions that may arise will be far less central to this litigation than the numerous common questions of law and fact, including:

      a.     Whether Defendants maintained a policy of requiring the Class to work more than 40 hours in given workweeks without overtime pay;

      b.     Whether the members of each Class are entitled to receive overtime premium wages for working more than 40 hours in a week;

      c.     Whether the members of the Class worked more than 40 hours in given workweeks;

      d.     Whether Defendants maintained accurate contemporaneous records of the time worked by the members of the Class;

      e.     Whether the members of the Class have suffered damages, and the proper measure of those damages; and

      f.     Whether Defendants' failure to pay minimum wages and/or overtime compensation to the members of the Class was willful.

32.     Named Plaintiff's claims are typical of the claims belonging to the members of the Pennsylvania class. Named Plaintiff is similarly situated to the members of the Class because Defendants treated all members as non-exempt from state overtime requirements, subjected them to similar work and compensation policies, and denied them minimum and overtime premium wages as required by Pennsylvania state law.

33.     Named Plaintiff will fairly and adequately assert and protect the interests of the absent members of the Pennsylvania Class because: there is no apparent conflict of interest between the Named Plaintiff and the absent members of the Pennsylvania Class; Counsel for Named Plaintiff have successfully prosecuted many complex Class actions, including state-law wage and hour class actions and will adequately prosecute these claims; and Named Plaintiff has

have adequate financial resources to assure the interests of the Pennsylvania Class members will not be harmed because her counsel have agreed to advance the costs and expenses of this litigation contingent upon the outcome of this litigation consistent with the applicable rules of professional conduct.

34.     Allowing the members of the Class as defined above to pursue their claims as class actions will provide a fair and efficient method for adjudication of the issues presented by this controversy because issues common to all members of the Pennsylvania Class predominate over any questions affecting only individual members; no difficulties are likely to be encountered in the management of this litigation; and the claims addressed in this Complaint are not too small to justify the expenses of class-wide litigation, nor are they likely to be so substantial as to require the litigation of individual claims

35.     Given the material similarity of claims belonging to members of the Pennsylvania Class, even if the members of the Pennsylvania Class could afford to litigate a separate claim, this Court should not countenance or require the filing of hundreds of identical actions. Individual litigation of the legal and factual issues raised by Defendants' conduct would cause unavoidable delay, a significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a class action will permit the efficient supervision of these claims, give rise to significant economies of scale for the Court and the Parties and result in a binding, uniform adjudication on all issues.

36.     Allowing the members of the Class as defined above to pursue their claims as class actions is also appropriate because the state laws at issue expressly permit private civil lawsuits to recover unpaid overtime wages and other relief.

## COUNT I
### Violation of the FLSA

**Failure to Pay Required Minimum Wages**
**(All FLSA Collective Action Members Nationwide)**

37.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

38.     Throughout the relevant period, Plaintiff and the FLSA Collective members were "engaged in commerce or engaged in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" and, so, were entitled to the to the minimum wage protections of the FLSA. *See* 29 U.S.C. §§ 202, 206.

39.     FLSA Section 206(a)(1)(C) states that an employee must be paid a minimum wage of at least $7.25 per hour for every hour worked.

40.     As alleged herein, Defendants violated this provision of the FLSA through common, company-wide policies that caused Plaintiff and the FLSA Collective members to be paid on a commission-only basis.

41.     Under these common policies, if Plaintiff and the FLSA Collective members did not sell a new mortgage in a given period, which happened regularly, Defendants did not pay them any wages for that period, giving rise to a clear minimum wage violation.

42.     Defendants also violated the FLSA by failing to keep accurate contemporaneous records of all hours Plaintiff and the FLSA Collective members worked.

43.     By engaging in the conduct alleged herein, Defendants have acted willfully and/or with reckless disregard for the FLSA Collective members' rights under the FLSA.

44.     FLSA Section 213, exempts certain categories of employees from the overtime pay requirements of Section 207(a)(1). None of these exemptions apply to Plaintiff and the FLSA Collective members because, *inter alia*, they were not paid a guaranteed salary of at least

$455.00 a week, they were subject to pay deductions that remove these exemptions and do not otherwise meet the requirements for exempt status.

45.     Plaintiff and the FLSA Collective members have been harmed as a direct and proximate result of Defendants' unlawful conduct, because they have been deprived of wages above the required minimum level in certain weeks from which Defendants derived a direct and substantial benefit.

WHEREFORE, Plaintiff respectfully prays for an Order:

a.     Granting conditional certification to Plaintiff's FLSA minimum wage claim;

b.     Appointing Erik Langeland of Erik H. Langeland, P.C., James B. Zouras of Stephan Zouras, LLP, and Jon Tostrud of Tostrud Law Group, P.C. as FLSA Collective Counsel;

c.     Requiring Defendants to provide FLSA Collective Counsel with a list of the names, addresses, phone numbers and e-mail addresses of all FLSA Collective members;

d.     Authorizing FLSA Collective Counsel to issue an approved form of notice informing the FLSA Collective members of the nature of the action and their right to join this lawsuit;

e.     Finding that Defendants willfully violated the FLSA by failing to pay required minimum wages to Plaintiff and the FLSA Collective members;

f.     Granting judgment in favor of Plaintiff and the FLSA Collective members on their FLSA minimum wage claim;

g.     Awarding Plaintiff and the FLSA Collective members all compensatory damages owed under the FLSA;

h.     Awarding liquidated damages to Plaintiff and the FLSA Collective members equal to their compensatory damages;

i.     Awarding all costs and a reasonable attorney's fee for the work required to prosecute this claim;

j.    Declaring that Defendants willfully violated the FLSA as set forth above and granting an injunction prohibiting Defendants from continuing to violate the FLSA on this basis; and,

k.    Awarding any further relief the Court deems just, equitable and proper.

**COUNT II**
**Violation of the FLSA**
**Failure to Pay Required Overtime Wages**
**(All FLSA Collective Action Members)**

46.    Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

47.    FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

48.    As alleged herein, Defendants violated this provision of the FLSA through common, company-wide policies that improperly deprived Plaintiff and the FLSA Collective of earned overtime wages.

49.    Under these common policies, although Plaintiff and the FLSA Collective members regularly worked more than 40 hours per week, Defendants did not pay them any overtime premium wages for any of their hours beyond 40, giving rise to a clear overtime violation.

50.    Defendants also violated the FLSA by failing to keep accurate contemporaneous records of all overtime hours Plaintiff and the FLSA Collective members worked.

51.    By engaging in the conduct alleged herein, Defendants have acted willfully and/or with reckless disregard for the FLSA Collective members' rights under the FLSA.

52.     FLSA Section 213, exempts certain categories of employees from the overtime pay requirements of Section 207(a)(1). None of these exemptions apply to Plaintiff and the FLSA Collective members as they were classified as non-exempt.

53.     Plaintiff and the FLSA Collective members have been harmed as a direct and proximate result of Defendants' unlawful conduct, because they have been deprived of overtime premium wages owed for overtime work they performed from which Defendants derived a direct and substantial benefit.

WHEREFORE, Plaintiff respectfully prays for an Order:

      a.     Granting conditional certification to Plaintiff's FLSA overtime claim;

      b.     Appointing James B. Zouras and Andrew C. Ficzko of Stephan Zouras, LLP, Erik Langeland of Erik H. Langeland, P.C. and Jon Tostrud of Tostrud Law Group, P.C. as FLSA Collective Counsel;

      c.     Requiring Defendants to provide FLSA Collective Counsel with a list of the names, addresses, phone numbers and e-mail addresses of all FLSA Collective members;

      d.     Authorizing FLSA Collective Counsel to issue an approved form of notice informing the FLSA Collective members of the nature of the action and their right to join this lawsuit;

      e.     Finding that Defendants willfully violated the FLSA by failing to pay all required overtime premium wages to Plaintiff and the FLSA Collective members;

      f.     Granting judgment in favor of Plaintiff and the FLSA Collective members on their FLSA overtime claim;

      g.     Awarding Plaintiff and the FLSA Collective members all compensatory damages owed under the FLSA;

      h.     Awarding liquidated damages to Plaintiff and the FLSA Collective members equal to their compensatory damages;

i.      Awarding all costs and a reasonable attorney's fee for the work required to prosecute this claim;

j.      Declaring that Defendants willfully violated the FLSA as set forth above and granting an injunction prohibiting Defendants from continuing to violate the FLSA on this basis; and,

k.      Awarding any further relief the Court deems just, equitable and proper.

## COUNT III
### Violation of the Pennsylvania Minimum Wage Act
### Failure to Pay Minimum Wage
### (Pennsylvania Class Members)

54.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

55.     The unpaid wages at issue in this litigation are "Wages" as defined by PMWA § 3(d).

56.     Defendants is an "employer" as defined in PMWA § 3(g).

57.     Plaintiff Michele Henry and the members of the Pennsylvania Class are "employees" as defined in PMWA § 3(h).

58.     Defendants is a covered employer obligated to comply with the PMWA's minimum wage and overtime requirements, and the members of the Pennsylvania Class are covered employees entitled to the PMWA's protections.

59.     At no time did Defendants or the members of the Pennsylvania Class fall under any exemption contained in PMWA § 5.

60.     Under the PMWA, overtime is calculated based on the number of hours worked in a "workweek", defined in controlling regulations as "a period of 7 consecutive days." *See* 34 Pa. Code § 231.42.

61.     Throughout the relevant period, PMWA § 4(a) required Defendants to pay the

members of the Pennsylvania Class the required minimum wage for all hours worked.

62.     Throughout the relevant period, Defendants violated PMWA § 4(a) by, among other things, willfully and uniformly failing to pay the members of the Pennsylvania Class the required minimum wage for all hours worked.

63.     Throughout the relevant period, PMWA § 4(c) required Defendants to pay the members of the Pennsylvania Class overtime compensation of "not less than one and one-half times the employee's regular rate" for all hours worked over 40 in a given workweek.

64.     Throughout the relevant period, Defendants violated PMWA § 4(c) by, among other things, willfully and uniformly failing to pay the members of the Pennsylvania Class the required overtime wages for all hours worked over 40 in a given workweek.

65.     Throughout the relevant period, PMWA § 8 required Defendants to "keep a true and accurate record of the hours worked by each employee and the wages paid to each."

66.     Throughout the relevant period, Defendants violated PMWA § 8 by, among other things, failing to keep a true and accurate record of the hours worked by the members of the Pennsylvania Class.

67.     In violating the PMWA, Defendants acted willfully and with reckless disregard of clearly-applicable PMWA provisions.

68.     The members of the Pennsylvania Class have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of wages owed for work they performed from which Defendants derived a direct and substantial benefit.

69.     Defendants have no good faith justification or defense for the conduct detailed above, or for failing to pay the members of the Pennsylvania Class all wages mandated by the

PMWA.

70.     PMWA § 13 expressly allows private plaintiffs to bring civil actions to enforce an employers' failure to comply with the Act's requirements.

WHEREFORE, Plaintiff Michele Henry respectfully prays for an Order:

a.      Granting class certification to Plaintiff Michele Henry's claim for violation of the PMWA;

b.      Approving Plaintiff Michel Henry as adequate Class representative;

c.      Appointing James B. Zouras and Andrew C. Ficzko of Stephan Zouras, LLP, Erik Langeland of Erik H. Langeland, P.C. and Jon Tostrud of Tostrud Law Group, P.C. as Class Counsel;

d.      Requiring Defendants to provide Class Counsel with a list of the names, addresses, phone numbers and e-mail addresses of all Pennsylvania Class members;

e.      Authorizing Class Counsel to issue an approved form of notice informing the Pennsylvania Class members of the nature of the action and their right to opt-out of this lawsuit;

f.      Finding that Defendants willfully violated the applicable minimum wage provisions of the PMWA by failing to pay members of Pennsylvania Class minimum wage for their time worked;

g.      Granting judgment in favor of Plaintiff Michele Henry and the Pennsylvania Class members on their claim for violation of the PMWA;

h.      Awarding Plaintiff MICHELE HENRY and the Pennsylvania Class members all compensatory damages owed under the PMWA;

i.      Awarding prejudgment interest to Plaintiff MICHELE HENRY and the Pennsylvania Class members on all compensatory damages due;

j.      Awarding all costs and a reasonable attorney's fee for the work required to prosecute this claim;

k.      Declaring that Defendants willfully violated the PMWA as set forth above and granting an injunction prohibiting Defendants from continuing to violate the PMWA on this basis; and

l.      Awarding any further relief the Court deems just, equitable and proper.

## COUNT VI
### Violation of the Pennsylvania Wage Payment and Collection Law
### Failure to Pay Overtime
### (Pennsylvania Class Members)

71.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

72.     The PWPCL gives employees the right to enforce *any* legal right to wages due, including wages owed under a written contract.

73.     Defendants is an "employer" as defined by PWPCL § 2.1 and is obligated to comply with the PWPCL's wage payment requirements.

74.     The members of the Pennsylvania Class are employees entitled to the PWPCL's protections.

75.     Throughout the relevant period, PWPCL § 3(a) required Defendants to pay the members of the Pennsylvania Class all wages due to their employees on regular paydays designated in advance.

76.     Throughout the relevant period, Defendants violated PWPCL § 3(a) by willfully and consistently failing to pay members of the Pennsylvania Class all overtime wages due on regular paydays designated in advance.

77.     PWPCL § 7 provides that no provision of the PWPCL can be contravened or set aside by a private agreement.

78.     Defendants have no good faith justification or defense for engaging in the conduct described above, or for failing to pay the members of the Pennsylvania Class all wages mandated by the PWPCL.

79.     In violating the PWPCL, Defendants acted willfully and with reckless disregard of clearly-applicable WPCL provisions.

80.     The members of the Pennsylvania Class have been harmed as a direct and proximate result of Defendants' unlawful conduct, because they have been deprived of wages owed for work they performed from which Defendants derived a direct and substantial benefit.

81.     PWPCL §§ 9.1 and 10 expressly allow private plaintiff to institute a civil action to enforce an employers' failure to comply with the Act's requirements, and to recover any unpaid overtime wages, attorneys' fees and litigation costs, liquidated damages, and prejudgment interest.

82.     PWPCL § 9.1(a) provides that "[a]ny employee or group of employees. .. may institute actions provided under this act", and thus permits private plaintiffs to pursue class action status for their PWPCL claims.

WHEREFORE, Plaintiff Michele Henry respectfully prays for an Order:

   a.     Granting class certification to Plaintiff's claim for violation of the PWPCL;

   b.     Approving Plaintiff Michele Henry as adequate Class representatives;

   c.     Appointing Erik Langeland of Erik H. Langeland, P.C,. James B. Zouras of Stephan Zouras, LLP, and Jon Tostrud of Tostrud Law Group, P.C. as Class Counsel;

   d.     Requiring Defendants to provide Class Counsel with a list of the names, addresses, phone numbers and e-mail addresses of all Pennsylvania Class members;

e.      Authorizing Class Counsel to issue an approved form of notice informing the Pennsylvania Class members of the nature of the action and their right to opt-out of this lawsuit;

f.      Finding that Defendants willfully violated the applicable overtime provisions of the PWPCL by failing to pay members of the Pennsylvania Class at an overtime premium rate for all of their overtime hours worked;

g.      Granting judgment in favor of Plaintiff Michele Henry and the Pennsylvania Class members on their claim for violation of the PWPCL;

h.      Awarding Plaintiff Michele Henry and the Pennsylvania Class members all compensatory and liquidated damages owed under the PWPCL;

i.      Awarding prejudgment interest to Plaintiff Michele Henry and the Pennsylvania Class members on all compensatory damages due;

j.      Awarding all costs and a reasonable attorney's fee for the work required to prosecute this claim;

k.      Declaring that Defendants willfully violated the PWPCL as set forth above and granting an injunction prohibiting Defendants from continuing to violate the PWPCL on this basis; and,

l.      Awarding any further relief the Court deems just, equitable and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: October 24, 2019

GLANCY PRONGAY & MURRAY LLP

By: _____
Lee Albert (PA I.D. # 046852)
230 Park Avenue, Suite 530
New York, NY 10169
(212) 682-5340
lalbert@glancylaw.com

James B. Zouras
Ryan F. Stephan
Andrew C. Ficzko
STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, IL 60601
(312) 233-1550
jzouras@stephanzouras.com

Erik H. Langeland
733 Third Avenue, 15th Floor
New York, N.Y. 10017
(212) 354-6270
elangeland@langelandlaw.com

Jon A. Tostrud
TOSTRUD LAW GROUP, P.C.
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 278-2600
jtostrud@tostrudlaw.com

**COUNSEL FOR PLAINTIFF AND THE PUTATIVE CLASSES**

**CONSENT TO JOIN COLLECTIVE ACTION**
**Homeside Financial, LLC**

**Complete and Return To:**
**Erik H. Langeland, P.C.**
**Attn: Homeside Financial, LLC**
**733 Third Avenue, 15th Floor**
**New York, NY 10017**
**(212) 354-6270**
**(212) 898-9086 (Fax)**
**elangeland@langelandlaw.com**

By signing below, I state that I have been employed by Homeside Financial, LLC or one of its subsidiaries or affiliates as a loan officer, or other similarly titled position within the past three (3) years and: A) was not paid minimum wage; and/or, B) worked in excess of forty (40) hours per week in at least one workweek but was not paid overtime compensation. I hereby consent to join this lawsuit for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

I hereby designate ERIK H. LANGELAND, P.C. ("Plaintiffs' Counsel") and other attorneys with whom he may associate to represent me for all purposes of this action.

I also designate the Class Representative(s) as my agent(s) to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, settlement, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims.

| | |
|---|---|
| 05/30/2019 | *Michele Henry* |
| Date | Signature |
| | Michele R. Henry |
| | Print Name |

Doc ID: 1959ff4e8d842b1d01a18617288de90f2ed5f0c3